## CIRCUIT COURT OF THE CITY OF RICHMOND

Atlantic Office Supply, Inc.

v.

Philip Morris, Inc.

October 4, 1994

Case No. LX-1542-4

BY JUDGE RANDALL G. JOHNSON

This breach of contract action is before the court on defendant's demurrer. At issue is whether two documents, produced in response to defendant's motion craving oyer, create what is commonly referred to as a "requirements" contract.

Simply put, a requirements contract is an agreement by which one party agrees to supply the other party with all of such other party's requirements for a particular product or service, in return for which the party being supplied agrees to purchase all of the particular products or services which it requires from the supplying party. While there are countless variations to this basic definition, the basic definition will suffice here.

The particular products at issue in this case are office supplies. It is plaintiff's claim that it agreed to provide to defendant, Philip Morris, Incorporated, all of Philip Morris' requirements for certain office supplies as specified in an attachment to the contract documents. Plaintiff further claims that Philip Morris agreed that whenever it required any of the items on the attachment, they would be purchased from plaintiff. The motion for judgment alleges that Philip Morris breached the agreement by improperly terminating it before the contract term expired.

Philip Morris, on the other hand, contends that a requirements contract did not exist, and that it had the absolute right to terminate the parties' agreement whenever it chose. Philip Morris further contends that a plain reading of the contract documents requires the court to hold as a matter of

law that no requirements contract existed, that absent a requirements contract plaintiff cannot show damage, and that, accordingly, Philip Morris' demurrer should be sustained.

There are two documents presently before the court and which, having been produced in response to a motion craving oyer, can be considered on demurrer. *See, e.g., Hechler Chevrolet v. General Motors Corp.*, 230 Va. 396, 398, 337 S.E.2d 744 (1985). The first, dated February 1, 1989, is titled "Blanket Agreement for Office Supplies." The second, dated March 5, 1992, is titled "Change Order to Blanket Agreement for Office Supplies." Neither of the documents contains any clear, unambiguous language specifically referring to a requirements contract. In fact, the closest the documents come to actually referring to a requirements contract is the following language from both documents:

> Vendor agrees to provide same day and/or next day delivery service of stock items *as required* to all Philip Morris facilities in the Richmond Tri-City area.

Emphasis added.

While plaintiff argues that the above language supports its claim that a requirements contract was created, Philip Morris contends that the "as required" language refers only to the time of delivery, not to requirements for supplies themselves. Because the court is unable to make any finding in this regard at this stage of the proceedings, dismissal is not appropriate.

It is well settled that where a contract is in writing and is unambiguous in its terms, it is the court's job to interpret it. *Foreign Mission Bd. of the Southern Baptist Convention v. Wade*, 242 Va. 234, 237, 409 S.E.2d 144 (1991). When the contract language is not clear and unambiguous, however, it is up to a jury to determine what the parties intended, and parol evidence is allowed. *Combs v. Dickenson-Wise Medical Group*, 233 Va. 177, 184, 355 S.E. 553 (1987); *Camp v. Wilson*, 97 Va. 265, 270, 33 S.E. 591 (1899). The contract in this case is ambiguous.

The February 1, 1989, document states that the term of the agreement is March 1, 1989, through February 28, 1991. Philip Morris reserved the right, however, to cancel the agreement by giving 30 days' written notice. Similarly, the March 5, 1992, change order extends the contract period through February 28, 1997, but again gives Philip Morris the right to cancel with 30 days' written notice. Specifically, the change order states:

> This contract is firm for the listed five year period. However, Philip Morris reserves the right to cancel this agreement with

thirty (30) days written notification due to failure to perform by vendor . . . .

Failure to service this contract in a manner deemed appropriate by Philip Morris is grounds for termination as discussed above.

In light of the above, one question immediately arises. If, as Philip Morris contends, it was under absolutely no obligation to ever buy anything at all from plaintiff, why were the parties so careful to give Philip Morris a right to cancel? If Philip Morris did not want to buy anything from plaintiff, and if the agreement did not require Philip Morris to buy anything from plaintiff, then no right of cancellation was needed. Thus, while the court is certainly not in a position to decide at this point that a requirements contract *did* exist, the terms of the contract are not so clear and unambiguous as to require the court to find that a requirements contact did *not* exist. Philip Morris' demurrer will be overruled.